UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MAGEE, individually, and on behalf of all other similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> ICONIX WATERWORKS (US) INC., GREG PUCCI, and DOES 1-10 <br><br> Defendants. | No. 2:20-cv-00840-KJM-DB <br><br> ORDER |

      Plaintiff Michael Magee moves for remand. Defendant Iconix Waterworks opposes the motion. The court GRANTS plaintiff's motion for the following reasons.

I.    BACKGROUND

      On March 3, 2020, plaintiff filed a complaint in Sacramento Superior Court on behalf of himself and a class of similarly situated individuals alleging eight violations of labor laws. *See generally* Compl., ECF No. 1, Ex. A. On April 24, 2020, defendants filed a notice of removal under 28 U.S.C. § 1441(a).[1] *See* Not. of Removal, ECF No. 1. On May 5, 2020, plaintiff filed their motion to remand, alleging the lack of both party diversity and the required

---

[1] While this is a class action case, defendants have specifically elected to remove based on this statute rather than relying on the Class Action Fairness Act. 28 U.S.C. § 1332(d).

1  amount in controversy.  *See* Mot. to Remand, ECF No. 8.  Plaintiff also seeks to recover costs he
2  has incurred in moving for remand.  *Id.* at 9.

3  II.       LEGAL STANDARDS

4          A.        Diversity Jurisdiction

5          Federal district courts have "original jurisdiction [over] all civil actions where the
6  matter in controversy exceeds the sum or value of $75,000, exclusive of costs and interests, and is
7  between–citizens of different states . . ."  28 U.S.C. § 1332(a); *see also* 28 U.S.C. § 1441(a).  The
8  initial burden placed on removing parties is simply that they present a "short and plain statement
9  of the grounds for removal."  28 U.S.C. § 1446(a).

10         In electing to invoke standard diversity jurisdiction, defendant must contend with
11 the Ninth Circuit's strong presumption against removal jurisdiction.  *Gaus v. Miles*, Inc., 980 F.2d
12 564, 566 (9th Cir. 1992).  This presumption places the burden of demonstrating jurisdiction
13 squarely on the removing party.  *Id.*

14         B.        Fraudulent Joinder

15         Non-diverse defendants do not destroy diversity when a defendant is fraudulently
16 joined.  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (*citing Morris v.
17 Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001)).  "Joinder is fraudulent '[i]f the
18 plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious
19 according to the settled rules of the state.'"  *Hunter*, 582 F.3d at 1043 (*quoting Hamilton
20 Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007)); *see also Nasrawi
21 v. Buck Consultants, LLC*, 713 F. Supp. 2d 1080, 1084 (E.D.Cal. 2010).  In making a fraudulent
22 joinder determination, the court must resolve "all disputed questions of fact and all ambiguities in
23 the controlling state law . . . in plaintiff's favor . . . ," and find that "plaintiff could not possibly
24 recover against the party whose joinder is questioned."  *Nasrawi*, 713 F. Supp. 2d at 1084 (*citing
25 Kruso v. Int'l Tel & Tel. Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989)).  With the ambiguities
26 resolved in plaintiff's favor, fraudulent joinder must be proven by "clear and convincing
27 evidence."  *Hamilton Materials, Inc.*, 494 F.3d at 1206.

28

C. <u>Amount in Controversy</u>

The notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). If the amount in controversy is contested, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 88; *see also* 28 U.S.C. § 1446(c)(2)(B). The type of evidence to be submitted by the parties "includ[es] affidavits or declarations, or other summary-judgment-type evidence," which prevents the establishment of "removal jurisdiction by mere speculation and conjecture." *Id.*

III. DISCUSSION

A. <u>Fraudulent Joinder</u>

The individual named as a defendant in the case, Greg Pucci, is a resident of California. Not. of Removal, at 4. Defendants argue Mr. Pucci's joinder was fraudulent, allowing the court to disregard his citizenship for diversity purposes. *Id.*; Opp'n to Mot. to Remand (Opp'n), ECF No. 10 at 10. Plaintiff alleges, and defendant does not dispute, that Mr. Pucci is the "Operations Manager and managing agent of Defendant Iconix Waterworks Inc." *Id.* at 5; Compl. ¶ 11. Plaintiff also alleges that California Labor Code section 558.1[2] establishes Mr. Pucci's individual liability for the alleged violations as an "other person acting on behalf of an employer." Compl. ¶ 38 (quoting California Labor Code section 558.1).

---

[2] California Labor Code section 558.1, effective January 1, 2016, provides:

(a) Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation.

(b) For purposes of this section, the term "other person acting on behalf of an employer" is limited to a natural person who is an owner, director, officer, or managing agent of the employer, and the term "managing agent" has the same meaning as in subdivision (b) of Section 3294 of the Civil Code.

(c) Nothing in this section shall be construed to limit the definition of employer under existing law.

1      Courts have consistently found that section 558.1 does create a cause of action against agents of violating employers. *See*, e.g., *Roush v. MSI Inventory Service Corp.*, 17-cv-1010, 2018 WL 3637066, at *3 (E.D.Cal. 2018). This does not mean these agents are liable by virtue of their supervisory capacity for the California Labor law violations of their employers. "Rather, the [agents] may only be held liable under the statute if they acted to violate or cause the violation of California's labor laws." *Id*. Accordingly, courts have dismissed cases that contain no allegation of individual wrongdoing as failing to state a claim upon which relief can be granted. *See, e.g.*, *Plaskin v. NewSight Reality, Inc.*, No. 19-cv-00458, 2019 WL 4316255, at *4 (C.D.Cal. 2019).

Here, plaintiff pleads factual allegations identifying specific conduct potentially attributable to Mr. Pucci, particularly with respect to elements of the second and third causes of action, which allege the alteration of employee timekeeping records to appear compliant with state statutes. Compl. ¶¶ 45, 53. As the individual responsible for "implementing and enforcing the company's employment policies, practices and procedure," it can be inferred Mr. Pucci was directly involved with such alterations; this court's obligation to resolve all factual ambiguity against the removing party requires adopting this inference for purposes of this motion. Thus, defendants have failed to demonstrate, by clear and convincing evidence, that the joinder of Mr. Pucci as a defendant on the California Labor Code section 558.1 claim is fraudulent and "obvious[ly so] according to settled state law." *Hunter*, 582 F.3d at 1043. Mr. Pucci's citizenship must be included in the evaluation of diversity, and with his inclusion diversity is destroyed.

B.    Amount in Controversy

Defendant contends the amount in controversy is $82,247.00, $41,562.50 of which is derived from defendant's estimate of plaintiff's attorney's fees. Opp'n at 16. The total estimate of class-wide attorney's fees is $83,125.00, half of which defendant attributes to the plaintiff as the representative party. Opp'n at 20. This attribution, even after the reduction to half, is improper.

4

"Where an underlying statute authorizes an award of attorneys' fees . . . such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998); *see also Fritsch v. Swift Transportation Company of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018). Attorney's fees are authorized under the claims in the instant case by California Labor Code sections 218.5, 1194, making their inclusion generally appropriate.

However, the Ninth Circuit has determined when "attorneys' fees are not awarded solely to the named plaintiffs in a class action [by the authorizing statute] they [] cannot be allocated solely to those plaintiffs for purposes of amount in controversy." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 942 (9th Cir. 2001). The statute at issue in *Gibson* provided for fees "to a successful party," which the court interpreted to mean that attorney's fees were awarded to the entirety of the class. *Id.* The primary authorizing statute here authorizes fees for "the prevailing party." California Labor Code section 218.5. This court considers "successful party" and "prevailing party" to be synonymous in this situation based on the plain meaning of the words; the Ninth Circuit has interpreted similar language in a different statute. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 858 (9th Cir. 2001) ("a prevailing plaintiff" was considered to require division among all class members). Also, a sister court has specifically ruled that California Labor Code section 1194 does not allow attribution of attorney's fees exclusively to named plaintiffs. *See Perez v. WinnCompanies*, No. 14-cv-01497, 2014 WL 5823064, at *10 (E.D.Cal. 2014); *see also Davenport v. Wendy's Co.*, No. 13-cv-02159, 2013 WL 6859009, at *2 (E.D.Cal. 2013). Neither statute, California Labor Code sections 218.5, 1194, allows for the kind of attribution argued for by defendants.

Defendants made a lackluster attempt to acknowledge *Gibson* by attributing only half of their estimate of plaintiff's attorney's fees to the named plaintiff, as noted above. Opp'n at 20. In determining the proper allocation to a named plaintiff, courts have ruled that "attorney's fees must be divided by the number of class members." *Davenport v. Wendy's Co.*, 2013 WL 6859009, at *6; *see also Walker v. CorePower Yoga, LLC*, No. 12-cv-4, 2013 WL 2338675, at *6 (S.D.Cal. 2013). This court applies the same rule here, making defendants' estimate only

5

reasonable if the class here consisted of only two individuals, rather than plaintiff's estimate of more than 75.  Compl. ¶ 33.  A class of two could not satisfy Rule 23's numerosity requirement, and to assume an invalid class would violate the presumption against removal.  The court finds defendant has not satisfied the amount-in-controversy requirement by a preponderance of the evidence.

      C.      <u>Costs</u>

"Absent unusual circumstances, courts may award attorney's fees under 28 U.S.C. § 1447(c) only where the removing party lacked an objectively reasonably basis for seeking removal.  Given the newness of California Labor Code section 558.1 and that *Gibson* does authorize attorney's fees, properly calculated, to be attributed exclusively to named plaintiffs in certain cases, this court does not find that defendants' removal was unreasonable.  The court thus does not award costs incurred by plaintiff based on defendants' removal.

IV.    <u>CONCLUSION</u>

The motion is GRANTED.  This order resolves ECF No. 8.

IT IS SO ORDERED.

DATED:  July 21, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE